Cite as 2024 Ark. 118

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE AMENDMENTS TO THE ARKANSAS RULES FOR MINIMUM CONTINUING LEGAL EDUCATION: RULES 2(C), 4, AND 5(D) | **Opinion Delivered:** June 20, 2024 |

**PER CURIAM**

The Supreme Court hereby amends, effective immediately, Rules 2(C), 4, and 5(D) of the Arkansas Rules for Minimum Continuing Legal Education. The changes are set out in "line-in," "line-out" fashion (new material is underlined; deleted material is lined through).

Rule 2. Scope.

. . . .

(C) Nonresident Attorneys:

(1) Attorneys who are members of the Bar of Arkansas, but reside outside this State, are required to meet the minimum continuing legal education requirements of their resident state. Such attorneys shall complete annual certification forms to that effect. These forms will be filed with the Arkansas Continuing Legal Education Board on or before the October 31 which succeeds the reporting period in question. ~~Such certifications shall be subject to verification through the agency which administers the continuing legal education program for such resident state. In the event an attorney is a member of the Bar of Arkansas, yet resides in a state or foreign jurisdiction where there is no continuing legal education requirement, such attorneys shall be annually required to file with the Arkansas Continuing Legal Education~~

Board a certification form confirming that fact. This form shall be filed on or before the October 31 which succeeds the reporting period in question. Further, in the event an attorney returns to the practice of law in the State of Arkansas from a state where there has been no continuing legal education requirement that attorney shall be required, by the end of the first reporting period after the attorney's return, to acquire thirty-six (36) hours of accredited continuing legal education. Twelve (12) of those hours shall be a basic skills course or bar examination review course as approved by the Board.

(1)(a) Nonresident Attorneys must submit the Nonresident Certification Form (NCF) provided to them via email by the CLE Board on or around September 1 of each reporting year. The appropriate box must be checked to show that attorney's status within the given state. If CLE hours are required within the state, the NCF must be accompanied by a copy of the attorney's out-of-state CLE transcript reflecting compliance along with a mandatory processing fee.

(2) ~~Nonetheless a~~ An Arkansas licensed attorney or judge who resides: in a state which does not require continuing legal education; in a foreign jurisdiction; or, in a state which requires continuing legal education but is not licensed in that state ~~and is therefore prohibited from participating in the continuing legal education program of that state~~, may remain current as regards Arkansas CLE requirements. Such attorneys may do so by meeting the twelve (12) hour requirement as set out in Rule 3(A). The Secretary shall obtain from such attorneys appropriate documentation to confirm compliance with the Arkansas CLE program. ~~In the event attorneys are in compliance with Rule 3(A) during the reporting period preceding their return to the practice of law in Arkansas, they shall not be subject to the thirty-six (36) hour requirement mentioned in paragraph 2(C)(1) above.~~ In the event an attorney has elected to remain current, yet fails to acquire 12 hours of approved CLE during any reporting period, that attorney shall be subject to the sanctions of Rule 6.

Rule 4. Accreditation.

(A) The Board shall be the exclusive authority for accreditation of continuing legal education sponsors or programs. However, the Board may delegate to a subcommittee, in accord with Rule 1(E)(3), the authority to review submissions by new sponsors. Further, the Board may delegate to its Secretary the authority to approve or deny programs submitted by previously accredited sponsors, or by sponsors who have previously had individual program(s) approved by the Board. The Board, through its Secretary, shall provide an annual report to the Arkansas Supreme Court which shall reflect summary information with regard to program approvals or denials, attorney suspension information, and such other matters as the Board may direct.

(B) Approval of Accredited Sponsors:

(1) An organization, or entity, may seek Board designation as an accredited sponsor;

(2) In order to receive such a designation the organization or entity must establish to the satisfaction of the Board that it is regularly engaged in offering continuing legal education and is recognized as a provider of continuing legal education on a national basis;

(3) Subsequent to designation as an accredited sponsor, programs offered by that sponsor outside this State shall be approved provided such courses meet the requirements of Rule 4(C);

(4) Programs conducted by sponsors accredited in another state or by a national continuing legal education accrediting body may be approved, provided the Secretary is satisfied that the sponsor meets the requirements of this Rule; and,

(5) Accredited sponsors must abide by all reasonable requests for information or course materials from the Board, or its Secretary, and the Board reserves the right to withdraw accredited sponsor designation for failure to meet the requirements of these rules.

(C) Accredited Sponsor Annual Fees:

(1) All accredited sponsors will pay an annual fee of $2500.00, due July 1 of each calendar year, to maintain their accredited status, with the following exceptions:

    (a) Government entities      $500.00

    (b) Pro Bono sponsors        $100.00

(D)(C) Individual Course or Activity Approval. The Board may, upon application, approve continuing legal education courses or activities provided such courses meet the following standards:

(1) The course must contribute directly to professional competence of attorneys and judges, or to their education with respect to professional or ethical obligations;

(2) Course presenters must have the necessary experience or academic skills to conduct the course effectively;

(3) Prior to, during, or after the course, each attendee must be provided with access to written course materials of a quality and quantity which indicate that the written

materials will be of value to the attendees in the course of their practice. In the event access to written materials is not provided before, during, or after the program, the program will not be subject to pre-approval by the Board. In the event materials are submitted after the program, the Board will make a determination as to what, if any, credit shall be given for the course;

(4) During activities presented by means of videotape, audiotape, or other such systems, there must be an opportunity to ask questions of course faculty or a qualified commentator either during or after the course;

(5) The sponsor must make available to the Board, or its Secretary, upon request, information concerning the course, which might include a list of attendees or individual affidavits signed by attendees, the course brochure, a description of the method or manner of presentation, and a set of all written materials pertinent to the course; and

(6) The course must be subject to evaluation before, during, or after presentation.

(E) Individual Application Fees:

(1) All applications for individual programs must be submitted at least 30 days ahead of the start date of the program. The application for approval must be submitted with a $50.00 processing fee. All applications must have a fully completed application, timed agenda, sample Certificate of Attendance, and Sample Evaluation form.

(2) Exceptions:

   (a) The processing fee is waived for CLE programs if there is no registration fee for Arkansas licensed attorneys attending.

   (b) Pro Bono sponsors who are not accredited sponsors shall submit applications with a $10.00 processing fee.

   (c) County Bar Association lunch programs are not required to submit a processing fee.

(3) Late Filing Fees for Applications:

   (a) If the application is filed between 15 and 29 days of the start date of the program, a late fee will be assessed in the amount of $25.00.

   (b) If the application is filed between 1 and 4 days of the start date of the program, a late fee will be assessed in the amount of $50.00.

(c) If the application is filed after the start date of the program, a late fee will be assessed in the amount of $100.00.

(F)(D) The Board is authorized and encouraged to grant approval to all sources of continuing legal education which meet the relevant standards of Rule 4(C), including: publication of law related articles in legal journals; preparation of bar examination materials; preparation for, and conduct of, approved continuing legal education courses; participation in regularly scheduled courses conducted by American Bar Association accredited law schools; and "In House" educational programs conducted by law firms or other law related entities. The Board shall also be authorized to determine the number of approved hours such activities are worth and may limit the number of such hours that may be applied to the minimum requirement.

(G)(E) It is presumed that sponsor accreditation, or individual program accreditation, will be sought ~~well in advance of~~ at least 30 days before the start date of the event. However, the Board may accredit a sponsor or individual program after the event, with payment of the required late fee.

(H)(F) In the event the Secretary denies approval of an individual course or sponsor, the aggrieved sponsor may, in writing, request that the Board review such denial.

(I)(G) The Board is authorized to establish regulations that grant credit for *pro bono publico* service. The Board shall limit the number of credit hours that can be earned through *pro bono publico* service to no more than three (3) hours per reporting period.

(J)(H) The Board is authorized to establish regulations that grant credit for service as an active member of a Supreme Court of Arkansas Board, Commission, or Committee. An attorney may earn general CLE credit hours at a rate of one (1) hour of credit for every three (3) hours of service performed. The Board shall limit the number of credit hours that can be earned through the service to the Supreme Court of Arkansas to no more than three (3) hours per reporting period.

(K) Sponsor Requirements for Submitting Certificates of Attendance at conclusion of program:

(1) Sponsor must be able to independently verify an attorney's completion of a program before issuing a certificate of attendance. The sponsor must verify that the attorney signed the certificate confirming attendance (digital signature is accepted) and include the correct number of CLE hours obtained. The sponsor must confirm the certificate with the signature of a representative prior to or at the completion of the program.

5

<u>(2)  Certificates of attendance shall be collected by the sponsor, placed in alphabetical order with a Sponsors List of Certified Registrants cover page, and submitted to the Office of Professional Programs (CLEArkansas@arcourts.gov) via email or the United States Postal Service within fifteen (15) days of completion of the program. Postmarked certificates will be accepted.  If the certificate(s) of attendance is received or postmarked after the 15 days, a Course Attendance Late Fee will be assessed to the sponsor.</u>

<u>(a) Certificates of Attendance received 16–30 days after the conclusion of the program:  $50.00 late fee.</u>

<u>(b) Certificates of Attendance received more than 30 days after the conclusion of the program: $100.00 late fee.</u>

Rule 5. Reporting.

(D) ~~During the course of the reporting period, the Board, through its Secretary, may provide interim reports by first class mail to those attorneys subject to the 12 hour requirement of Rule 3(A). Such reports will state the number of approved CLE hours each attorney has of record with the Board.~~ On or before July 31 after the conclusion of the immediately preceding reporting period, the Board, through its Secretary, shall provide <u>attorneys with instructions to log in to the Court's CLE portal where an attorney can determine his or her CLE hours for the reporting period.</u> ~~a final report by first class mail to those attorneys.~~ The number of approved CLE hours ~~stated in the interim and final reports~~ <u>listed on the attorney's individual record online</u> shall be presumed correct unless the attorney notifies the Board otherwise. If the ~~final report~~ <u>yearly account balance</u> shows acquisition of 12 or more approved CLE hours during the reporting period, the attorney shall be deemed to be in compliance with these rules and need not take any further action for the immediately preceding reporting period.

In the event the ~~final report~~ <u>yearly account balance</u> reflects that an attorney has failed to meet the 12 hour requirement of Rule 3(A), ~~the~~ <u>a</u> final report <u>shall be mailed to the attorney and shall</u> ~~will~~ be accompanied by an acknowledgment of deficiency form. Such attorneys shall sign the acknowledgment of deficiency form and file it with the Board on or before the following August 31. Subsequently, such attorneys shall cure any deficiency by December 1 and provide appropriate documentation to the Board no later than the following December 15. CLE hours reported to the Board pursuant to the acknowledgment of deficiency shall first be applied to the deficiency and any remaining hours will be applied to the current reporting period.

Attorney members of the National Guard or reserves of any branch of the Armed Forces which are mobilized during the reporting period by Gubernatorial or Presidential order shall have an additional 180 days to meet each of the respective

filing requirements set forth in the preceding paragraph. Such entitlement shall be based upon appropriate documentation to establish the date of mobilization and the date of release from active duty. Upon request of an affected attorney who is entitled to the relief set forth in this paragraph, the Board may grant additional extensions of time in order to meet the respective filing requirements set forth in the preceding paragraphs. The Board may also waive any of the various fees set forth in Regulation 5.01 of the Regulations of the Board.